# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| ANTHONY LAROSA, | Case No. 8:10-bk-10012-CPM |
| Debtor. _____/ | |
| LARRY HYMAN, as Chapter 7 Trustee, | Adv. Pro. No. 8:24-ap-00296-CPM |
| Plaintiff, | |
| v. | |
| ANTHONY LAROSA, ANDRUS WAGSTAFF, PC as Round Up Litigation Counsel for Anthony LaRosa, LAWRENCE GROUP LP as Round Up Litigation Co-Counsel for Anthony LaRosa, and SETTLEMENT COORDINATION SERVICES, LLC a coordinator of Round Up settlement. | |
| Defendants. _____/ | |

## DEFENDANTS ANDRUS WAGSTAFF, PC AND LAWRENCE GROUP LP'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, ANDRUS WAGSTAFF, PC ("Andrus") and LAWRENCE LITIGATION GROUP LP, incorrectly referred to by Plaintiff as LAWRENCE GROUP LP ("Lawrence") (collectively, Andrus and Lawrence shall be referred to hereinafter as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Complaint for Declaratory Action, Injunctive Relief and for Turnover ("Complaint") filed by Larry Hyman, as Chapter 7 Trustee ("Plaintiff") of the Bankruptcy Estate of Anthony LaRosa ("Debtor"), and states as follows:

1

## JURISDICTION AND VENUE

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

## THE PARTIES

5. Admitted.

6. Defendants admit that they entered into a Contingent Fee Agreement with the Debtor on July 3, 2017 to pursue product liability and personal injury claims on behalf of the Debtor for damages arising out of exposure to Monsanto's Round Up.

7. Admitted.

## BACKGROUND

8. Admitted.

9. Admitted.

10. Denied.

11. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 11 of the Complaint, and on that basis deny them.

12. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and on that basis deny them.

13. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and on that basis deny them.

14. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and on that basis deny them. Defendants further deny

the allegations set forth in Paragraph 14 of the Complaint, as Exhibit B to the Complaint speaks for itself.

15. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and on that basis deny them. Defendants further deny the allegations set forth in Paragraph 15 of the Complaint, as Exhibit C to the Complaint speaks for itself.

16. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and on that basis deny them.

17. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 17 of the Complaint, and on that basis deny them.

18. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and on that basis deny them.

19. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 19 of the Complaint, and on that basis deny them.

20. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and on that basis deny them.

21. Defendant Lawrence is without sufficient information to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies them. Defendant Andrus admits that Composite Exhibit D to the Complaint is a copy of an email communication, with attachments, sent by Andrus to the Trustee on April 11, 2024 reflecting the disbursements of recoveries related to the Debtor's claim for injuries against Monsanto. Defendant Andrus further admits that it was not retained by the Debtor's bankruptcy estate to represent the Debtor, but denies that it was legally required to be retained by the Debtor's bankruptcy estate in order to

3

be compensated for pursuing a claim based upon a post-Petition Date medical diagnosis. Andrus denies all other allegations set forth in Paragraph 21 of the Complaint. Andrus also denies all other allegations set forth in Paragraph 21 of the Complaint, as Composite Exhibit D to the Complaint speaks for itself.

22. Admitted.

23. Admitted that the Trustee has not received any funds from Andrus. Denied as to all other allegations set forth in Paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and on that basis deny them.

## COUNT I

## DECLARATORY ACTION THAT THE ROUND UP SETTLEMENT PROCEEDS ARE PROPERTY OF THE BANKRUPTCY ESTATE UNDER 11 U.S.C. §541

25. Defendants reallege their responses to paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Defendants admit that Count I of the Complaint seeks a declaration that some or all of the net proceeds from the Debtor's Monsanto Round Up settlement constitute property of the Estate under 11 U.S.C. § 541, but deny that the net proceeds from the Debtor's Monsanto Round Up settlement constitute property of the Estate under 11 U.S.C. § 541.

27. Defendants deny that the proceeds from the Debtor's Monsanto Round Up settlement constitute property of the Estate under 11 U.S.C. § 541.

28. Denied, as Paragraph 28 of the Complaint calls for a legal conclusion(s).

29. Denied, as Paragraph 29 of the Complaint calls for a legal conclusion(s).

30. Denied, as Paragraph 30 of the Complaint calls for a legal conclusion(s).

31. Denied, as Paragraph 31 of the Complaint calls for a legal conclusion(s).

32. Denied, as Paragraph 32 of the Complaint calls for a legal conclusion(s).

33. Denied, as Paragraph 33 of the Complaint calls for a legal conclusion(s).

34. Denied, as Paragraph 34 of the Complaint calls for a legal conclusion(s).

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 34 of the Complaint.

### COUNT II – TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE UNDER 11 U.S.C. § 542.

35. Defendants reallege their responses to paragraphs 1 through 24 of the Complaint as though fully set forth herein.

36. Defendants admit that Count II of the Complaint is an action by Plaintiff to compel Defendants to turnover property of the Bankruptcy Estate under 11 U.S.C. § 542, but deny that Plaintiff is entitled to the requested relief.

37. Denied as to Defendants. Otherwise, Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 37 of the Complaint, and on that basis deny them.

38. Denied as to Defendants. Otherwise, Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 38 of the Complaint, and on that basis deny them.

39. Denied as to Defendants. Otherwise, Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 39 of the Complaint, and on that basis deny them.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 39 of the Complaint.

40. All allegations not expressly admitted above are hereby denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff lacks subject matter jurisdiction and authority to command turnover of post-petition attorneys' fees paid to Defendants as such fees do not constitute property of the estate under 11 U.S.C. § 541(a). The fees paid to Defendants under the Contingent Fee Agreement were earned solely for post-Petition Date labor and services performed by Defendants in prosecuting product liability and personal injury claims against Monsanto and pursuant to a post-Petition Date medical diagnosis of the Debtor, and therefore are not within the bankruptcy estate's jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

The post-Petition Date attorneys' fees paid to Defendants and at issue are not property of the estate under 11 U.S.C. § 541 because they were earned solely for post-Petition Date labor and services performed by Defendants in prosecuting product liability and personal injury claims against Monsanto and pursuant to a post-Petition Date medical diagnosis of the Debtor. As such, the Plaintiff has no right to turnover of these attorneys' fees.

**THIRD AFFIRMATIVE DEFENSE**

The Contingent Fee Agreement between Defendants and the Debtor constitutes an executory contract. Because the Trustee did not assume or otherwise affirm the Contingent Fee Agreement under 11 U.S.C. § 365, the Trustee cannot claim the benefits of the Contingent Fee Agreement, including any settlement recovered thereunder and the attorneys' fees earned by Defendants on a contingency basis.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for turnover of post-petition attorneys' fees earned by Defendants would

unjustly enrich the bankruptcy estate by allowing it to benefit from labor and services performed by Defendants solely after the Petition Date pursuant to the Contingent Fee Agreement without compensating Defendants for those services.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches. Plaintiff's unreasonable delay in asserting a right to the post-petition attorneys' fees has prejudiced Defendants, who performed the legal services under the Contingent Fee Agreement understanding that the attorneys' fees they earned thereunder belonged solely to Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting claims to the post-Petition Date attorneys' fees earned by Defendants by the doctrines of waiver and estoppel. Plaintiff, through words or conduct, either waived any claim to the attorneys' fees paid to Defendants or caused Defendants to reasonably rely on the understanding that the post-Petition Date fees earned by and paid to Defendants belonged to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to offset or recoup any unpaid legal fees, expenses, and costs related to the Contingent Fee Agreement against any amount the Plaintiff claims is estate property. Any recovery sought by Plaintiff should be reduced accordingly.

## RESERVATION OF RIGHTS

Defendants specifically reserve the right to assert additional claims and/or affirmative defenses based upon the facts that may be learned during the course of this case.

Dated: November 1, 2024                         Respectfully submitted,

                                               **SHUTTS & BOWEN LLP**

                                               /s/ *Harris J. Koroglu*
                                               Harris J. Koroglu, Esq.
                                               Florida Bar No. 32597
                                               200 South Biscayne Blvd.
                                               Suite 4100
                                               Miami, FL  33131
                                               hkoroglu@shutts.com
                                               Phone:  305-358-6300
                                               Email: hkoroglu@shutts.com
                                               *Attorneys for Andrus Wagstaff, PC*
                                               *and Lawrence Litigation Group LP*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all parties listed below via ECF or first class U.S. Mail on November 1, 2024.

                                               /s/ *Harris J. Koroglu*
                                               Harris J. Koroglu
                                               Florida Bar No. 32597

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

Angelina E. Lim, Esq., angelinal@jpfirm.com
Robert V. Potter, Esq., bobp@jpfirm.com
Dana L. Robbins-Boehner, Esq., drobbins@burr.com; mguerra@burr.com

**Manual Notice List**

Anthony LaRosa
6136 Saragossa Avenue
New Port Richey, FL 34653