UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

ANTHONY LAROSA,                                    Case No. 8:10-BK-10012-CPM

      Debtor.

_____/

LARRY HYMAN, as Chapter 7 Trustee,

         Plaintiff,

v.                                                 Adv. Pro. No. 24-ap-00296-CPM

ANDRUS WAGSTAFF, PC as
Round Up Litigation Counsel for Anthony LaRosa,
LAWRENCE GROUP LP as
Round Up Litigation Co-Counsel for Anthony LaRosa,
and SETTLEMENT COORDINATION SERVICES, LLC
a coordinator of Round Up settlement.

      Defendants.

_____/

**SETTLEMENT COORDINATION SERVICES, LLC'S**
**MOTION TO DISMISS COMPLAINT**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida, 33602 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Settlement Coordination Services, LLC ("SCS"), by and through its undersigned counsel, hereby moves for an order dismissing the Complaint filed by Larry Hyman as the Chapter 7 Trustee (the "Trustee"), for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012 (the "Motion") on Counts I and II of the Complaint, and in support, SCS states as follows:

<u>**INTRODUCTION**</u>

SCS was hired as a consultant to the law firm Andrus Wagstaff, PC ("Wagstaff") to provide a narrow scope of bankruptcy services in connection with the RoundUp products liability litigation pending in the United States District Court, Northern District of California ("RoundUp Litigation"). This engagement was limited to identifying potential claimants whose settlement proceeds may be property of their bankruptcy estates and notifying the respective Trustees of the potential asset for distribution. And this is precisely what occurred with respect to Debtor Anthony LaRosa. SCS contacted the Trustee and advised of the potential settlement. The Trustee reopened the estate to administer to creditors any settlement funds from the RoundUp Litigation.  SCS notified Wagstaff that the estate was reopened, and the Trustee was requesting special counsel to be hired.  That concluded SCS's engagement. Unbeknownst to SCS, the funds were ultimately disbursed to the Debtor instead of the Trustee.  SCS never had access to or control over any settlement funds of any claimant in the RoundUp Litigation including the Debtor. The Trustee is unable to state a claim against SCS for turnover of property of the estate pursuant to Bankruptcy Code § 542. SCS has never had custody, possession, control over the property of the estate, i.e., the RoundUp Settlement (as defined below), and the exhibits to the complaint directly contradict any allegation that SCS has or had possession of property of the estate subject to turnover. For these reasons, the Complaint should be dismissed as to SCS.

**FACTUAL BACKGROUND**

1.      On April 28, 2010 (the "Petition Date"), Anthony LaRosa (the "Debtor") filed his Chapter 7 Petition, Case No. 8:10-bk-10012-CPM (the "Bankruptcy Case"). (Compl. ¶ 5.)

2.      Larry Hyman was appointed as the Chapter 7 Trustee (the "Trustee"). Compl. ¶ 5.

3.      The Debtor filed his Schedules and Statement of Financial Affairs and did not list a potential claim against Monsanto's weed killer known as "RoundUp". As a result, the Trustee filed his Final Report on September 20, 2012 and the case was closed on September 12, 2012. (Compl. ¶ ¶ 11-12.)

4.      Years later, in October 2019, the law firm Andrus Wagstaff, PC (collectively, "Wagstaff") and SCS entered into a Confidential Proposed Professional Services Agreement (the "Agreement"), which provides limited scope of bankruptcy services in connection with the RoundUp products liability litigation pending in the United States District Court, Northern District of California ("RoundUp Litigation"). (Compl. ¶ 7.)

5.      As a result of this limited scope, SCS was merely hired as a consultant to identify potential assets of the bankruptcy estate and notify the Trustee. SCS never had access to or control over any settlement funds of any claimants.

6.      In accordance with this Agreement, on March 20, 2020, SCS, based on information provided to SCS by Wagstaff, notified the Trustee that a potential personal injury claim by Debtor was potentially an asset for distribution for the benefit of the estate (the "Property of the Estate Notice"). The Property of the Estate Notice includes a medical diagnosis date of April 1, 2010. A true and correct copy of the Property of the Estate Notice is attached to the Complaint as Exhibit B. (Compl. ¶ 14.)

55879858 v1

7.    Thereafter, the Trustee reopened the case to administer the asset. (Compl. ¶ 15.) SCS notified Wagstaff in April 2020 that the Trustee wanted to hire Wagstaff and all related personal injury counsel as special counsel to the trustee.

8.    Two years later, in February 2022, after having received the gross settlement value from Wagstaff, SCS notified the Trustee of the gross settlement value for LaRosa in the amount of $92,619.26 ("RoundUp Settlement") and that counsel for Wagstaff changed. SCS also provided for direct communication between the Trustee and Wagstaff, and Wagstaff responded to the email, which included the Trustee, advising that lien resolution for LaRosa was still pending.

9.    Upon information and belief, the Trustee and Wagstaff began corresponding directly. SCS was no longer copied on communications and had no further involvement regarding LaRosa or the RoundUp Settlement until April, 2024. At that time, Trustee properly inquired as to the RoundUp Settlement and SCS advised Trustee to contact Wagstaff directly regarding same.

10.    As reflected by Composite Exhibit D to the Complaint, unbeknownst to SCS, it appears in or around January 14, 2022, Wagstaff received the settlement funds from the RoundUp Litigation in the amount of $92,619.26 and Wagstaff distributed the RoundUp Settlement to LaRosa less attorney's fees and costs. (Ex. D.)

11.    At no point did SCS receive any proceeds of the RoundUp Settlement.

12.    On August 29, 2024, the Trustee filed its Chapter 7 Trustee's Complaint for Declaratory Action, Injunctive Relief, And For Turnover (the "Complaint") (Doc. No. 1). The Complaint asserts a count for declaratory relief that the RoundUp Settlement was property of the estate under Bankruptcy Code § 541 (Count I) and a count for turnover under Bankruptcy Code § 542 (Count II).[1]

---

[1] Counsel for the Trustee consented to an extension of time for SCS to answer or otherwise respond to the Complaint to December 4, 2024.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This short plain statement "does not need detailed factual allegations" but the plaintiff must plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Id.* at 555-56. Thus, plaintiff's factual allegations must render a cause of action "facially plausible," which occurs when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts which are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965–66) (internal citations omitted). A court "must accept as true all of the allegations contained in a complaint," but it does not have to accept as true a plaintiff's legal conclusions, which must be supported by factual allegations. *Iqbal*, 556 U.S. at 678-79.

In considering a motion to dismiss under Rule 12(b)(6), a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## MEMORANDUM OF LAW

I. **The Complaint should be dismissed as a shotgun pleading for failure to comply with Federal Rule of Civil Procedure 8, as incorporated by Federal Rule of Bankruptcy Procedure 7008.**

At the outset, Count II violates Rule 8 and constitutes a shotgun pleading because it impermissibly lumps together all "Defendants" and does not allege, nor can it, that SCS had possession or control over property of the estate. *See Weiland v. Palm Beach Cty. Sheriff's Office*,

792 F.3d 1313, 1323 (11th Cir. 2015) (describing one type of shotgun pleading as "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings violate Rule 8, which requires a "short plain statement of the claim showing that the pleader is entitled to relief," by failing to give "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1295-96.

The Complaint within the same count, includes a claim against multiple defendants without identifying which party had possession or control over the RoundUp Settlement Funds and which defendant is responsible for the turnover. In particular, the Complaint alleges that "[t]he Defendants are in possession of the proceeds of the Debtor's Monsanto Round Up settlement which constitutes property of the Estate under Section 541 of the Bankruptcy Code." Compl. ¶ 37. The Complaint then demands turnover from all Defendants stating "Section 542(a) of the Bankruptcy Code compels the Defendants to turn over to the Trustee all property of the Bankruptcy Estate." Compl. ¶ 39. Even a cursory review of the Complaint reveals the Trustee's failure to connect its conclusory allegations of possession to its alleged claim for turnover. As it relates to SCS, there is no delineation between the custody and control over the RoundUp Settlement Funds and the Complaint impermissibly lumps all defendants together. This type of impermissible collective "lumping" of defendants violates Rule 8. *See Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint as a shotgun pleading that was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged."); *see also Scott v. Yellon,* 2013 WL 3802797, at *1 (M.D. Fla. July 11, 2013)

(dismissing complaint because "[b]y lumping 'defendants' together, Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)"). Accordingly, this Court should dismiss the Complaint on shotgun pleading grounds.

II. **The Complaint should be dismissed as to SCS for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), as made applicable by Federal Rule of Bankruptcy Procedure 7012 Because SCS Never Had Custody, Control, or Possession of Property of the Estate.**

In addition to the pleading deficiencies, the Complaint should be dismissed for failure to state a claim for turnover as to SCS. To state a claim for turnover under Bankruptcy Code § 542, the trustee must establish the following elements: "(1) the property sought to be turned over is property of the estate; (2) the party against whom turnover is sought is an 'entity;' (3) the entity was in possession, custody, or control of the property during the case; and (4) the trustee may use or sell the property." *In re Smith*, 637 B.R. 758, 777 (Bankr. S.D. Ga. 2022).

Here, the glaring element missing in this Complaint is SCS's "possession, custody, or control of the property". *Id.* at 777. Even the Complaint's own exhibits directly contradict any allegation that SCS has possession, custody, or control over the RoundUp Settlement Funds. Bankruptcy courts can "generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

More specifically, Composite Exhibit D directly contradicts the allegation in Count II of the Complaint that "Defendants are in possession of the proceeds of the Debtor's Monsanto Round Up settlement which constitutes property of the Estate under Section 541 of the Bankruptcy Code." Compl. ¶ 37. First, Composite Exhibit D contains an email dated Thursday, April 11, 2024 from Breanna Alexander an employee at Wagstaff to Larry Hyman that provides "[p]er your request, I

have attached copies of the disbursement statements that reflect the payments were issued directly to Mr. LaRosa." Compl. Ex. D, p. 23. Next, is a Lien Holdback Release Statement on Wagstaff letterhead dated July 1, 2022 reflecting a lien resolution with $500.00 due to client, Mr. LaRosa. Compl. Ex. D, p. 24. Finally, is a Client Disbursement Statement on Wagstaff letterhead dated January 14, 2022. The Client Disbursement Statement reflects a Gross Settlement Amount of $92,619.26 and evidences that the Initial Client Disbursement of $23,600.99 to the Debtor. Compl. Ex. D, p. 25. The Client Disbursement Statement also reflects an allocation of attorney's fees with a net legal fee to Wagstaff of $37,047.70. *Id.* Nowhere on any documents attached as Composite Exhibit D does it reference SCS or otherwise indicate that SCS had custody or control over the proceeds. To the contrary, the exhibits reflect that the funds went directly from Wagstaff to the Debtor.

Moreover, in Wagstaff's answer it provides that "Defendant Andrus admits that Composite Exhibit D to the Complaint is a copy of an email communication, with attachments, sent by Andrus to the Trustee on April 11, 2024 reflecting the disbursements of recoveries related to the Debtor's claim for injuries against Monsanto." Doc. No. 12, p. 3. While Wagstaff takes the position that the funds are not property of the estate under Bankruptcy Code § 542, it admits that the funds were disbursed from its own account to the Debtor. This Court in ruling on this Motion can consider the answer filed on its own docket admitting to possession of the funds. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006) (finding that the Court may take judicial notice of public records, including court filings, upon consideration of a motion to dismiss). Thus, the allegation that SCS was in possession is not supported by existing law or fact. SCS never received the funds and the only evidence the Trustee has presented to date confirms that SCS never had possession of the funds and the Complaint must be dismissed.

8

**WHEREFORE,** Settlement Coordination Services, LLC respectfully requests that the Court enter an order (i) dismissing the Complaint and (ii) granting such other and further relief that the Court deems just and proper.

Dated this 20th day of November, 2024.

/s/ Dana L. Robbins-Boehner
Dana L. Robbins-Boehner, Esq.
Florida Bar No. 106626
BURR & FORMAN LLP
201 North Franklin Street
Suite 3200
Tampa, Florida 33602
813.221.2626 (telephone)
813.221.7335 (facsimile)
Primary Email: drobbins@burr.com
Secondary Email: mguerra@burr.com
*Attorney for Settlement Coordination Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 20, 2024, a true and correct copy of the foregoing has been served through the CM/ECF system to all registered CM/ECF recipients.

/s/ Dana L. Robbins-Boehner
Dana L. Robbins-Boehner, Esq.

55879858 v1